**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PEYMAN BOHLORI,

        Plaintiff,

v.                                                                     Case No. 11-CV-13826
                                                                       Honorable Denise Page Hood

U.S. CONSULATE-GENERAL
DAHRAN, *et. al.*,

        Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING THIS ACTION

### I.      INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss, filed February 23, 2012.   Plaintiff resides in the Kingdom of Saudia Arabia.  He appeared for oral argument on August 2, 2012.  For the reasons stated below, Defendant's Motion to Dismiss is GRANTED. This action is DISMISSED.

### II.     STATEMENT OF FACTS

Plaintiff Peyman Bohlori seeks damages from the United States Consulate and the United States Department of State for the treatment he received at the United States Consulate in Saudi Arabia.  Bohlori came to Saudi Arabia in November 2006 on a work visa with the Wall Street Institute School of English.  Upon arrival, Bohlori presented his passport to Perry Lee Cua, his sponsor at the Wall Street Institute, as required by Saudi Arabian law.  However, the sponsor lost Bohlori's passport.  Bohlori later found the passport in the parking lot of a medical clinic and it was badly damaged.

Bohlori took the passport to the United States Consulate in Dahran to have it replaced. There, Bohlori alleges that he was treated poorly. The consulate official declared his passport lost although Bohlori indicated that it was damaged. The consulate official took the old passport and would not return it back to Bohlori despite his request. Bohlori was charged for replacing the passport.

When Bohlori received the new passport, it was confiscated by Mazen Essa of the Wall Street Institute. The passport was sent to the Institute's main office in Jeddah. Bohlori's contract with the Wall Street Institute expired in December 2009 and, after several unfortunate events, he was required to leave Saudi Arabia. Bohlori was told that his passport was in the possession of the Saudi Arabian government. In August 2009, Bohlori returned to the United States Consulate to get information regarding the location of his passport. There he was treated poorly by a consulate official named Kevin, who lied to Bohlori and called him racist names. He was also told that he would not be given another ten-year passport because the losses were Bohlori's fault.

In November 2009, Bohlori returned to the United States Consulate and was informed that he would have to pay for a new passport in U.S. Dollars. Bohlori purchased a $100 note but was accused by consulate officials of trying to pay with counterfeit money. The $100 note was confiscated and the consulate officials directed Bohlori to provide a second note. They refused to return the first note. Before providing a second note, Bohlori received a telephone call stating that the first note was fine. The next day he received a one-year passport.

Bohlori returned to the United States Consulate a year later and received another passport without incident. However, the passport was later stolen from a car in which Bohlori had left it. In December 2010, Bohlori returned to the United State Consulate. The consulate official

gestured at Bohlori with her middle finger and indicated that he would not receive another passport because he was an "irresponsible f***** who [had] already lost three passports." He was given a one-year passport.

## III.   ANALYSIS

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows the Court to dismiss a complaint for lack of subject matter jurisdiction. In a Rule 12(b)(1) motion, the plaintiff has the burden of proving that the Court has subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996). A Rule 12(b)(1) motion to dismiss are either based on a facial attack or a factual attack of the complaint. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In a facial attack, the Court considers the sufficiency of the complaint and must accept all factual allegations made therein as true unless clearly erroneous. *Id.* at 326. In contrast, a factual attack does not require the Court to take all factual allegations as true. *Id.* at 325. Rather, the Court must resolve any factual disputes and determine whether it in fact has subject matter jurisdiction. *Id.*

### B.  Sovereign Immunity

"[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). A waiver of sovereign immunity must be express. *United States v. Spelar*, 338 U.S. 217, 218 (1949). If the United States consents to be sued, it may define the condition of suit. *Kendall v. United States*, 107 U.S. 123, 125 (1883).

Bohlori has not provided a specific basis for his claims. A reading of his complaint would

imply that Bohlori hopes to recover damages based on the acts and omissions of the consulate officers. The Federal Tort Claims Act ("FTCA") found at 28 U.S.C. §§ 2671 *et seq.*, waives sovereign immunity for tort actions by making the United States "liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. The purpose of the FTCA is "to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Richards v. United States*, 369 U.S. 1, 6 (1962). However, the FTCA is inapplicable to "[a]ny claim arising in a foreign country." 28 U.S.C. § 2680(k); *see also Spelar,* 338 U.S. at 218.

Bohlori's entire complaint is based on acts or omissions that occurred in Saudi Arabia. Bohlori has not identified any act or omission that occurred in the United States. The FTCA has expressly precluded the Court from exercising authority over a matter that arose in a foreign country. The Court does not have jurisdiction. The Court must dismiss Bohlori's complaint because sovereign immunity applies.

### C.  Exhaustion of Administrative Remedies

Defendants argue that the Court does not have jurisdiction because Bohlori has failed to exhaust all his administrative remedies, which are a prerequisite to an exercise of authority under the FTCA. *See* 28 U.S.C. § 2675 ("An action shall not be instituted upon a claim against the United States for money damages…unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail"). Bohlori has not identified any administrative

proceeding that would satisfy this jurisdictional prerequisite. Nor is there any other indication that Bohlori has filed an administrative claim with either the United States Consulate or the United States Department of State.[1] Bohlori has not exhausted his administrative remedies and the Court, therefore, lacks jurisdiction over this matter. The Court dismisses the complaint for want of subject matter jurisdiction.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [Docket No. 10, filed February 23, 2012] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

---

[1] At the hearing, Bohlori claimed to be unaware of availability of administrative remedies.  The Court directed the government to provide him with information on his available administrative remedies.  After the hearing, the Department of State provided Bohlori with information regarding how to file an administrative tort claim and a non-legal grievance against the Department of State.  Bohlori was given Standard Form 95, instructions on what to include in a written statement, and addresses to forward his grievance.